UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTURO VELAZQUEZ ROSSETE and CRESCENCIO
CALVA CRUZ, individually and on behalf of all others similarly
situated,

                                          Plaintiffs,

                    -against-

HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG
SUSHI, and FENG CHEN and LI YONG, as individuals,

                                      Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
REQUESTED**

1. Plaintiffs, **ARTURO VELAZQUEZ ROSSETE and CRESCENCIO CALVA CRUZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, through undersigned counsel, bring this action against **HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, FENG CHEN and LI YONG**, **as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 214 E 198 St., Bronx, NY, 10458.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ARTURO VELAZQUEZ ROSSETE residing at Bronx, NY 10458, was employed by HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI from in or around June 2020 until in or around March 2022.

9. Plaintiff CRESCENCIO CALVA CRUZ residing at Bronx, NY 10467 was employed by HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI from in or around June 2020 until in or around March 2022.

10. Defendant HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located  at 214 E 198 St., Bronx, NY 10458.

11. Defendant FENG CHEN is the operator and owner of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

12. Defendant FENG CHEN is an agent of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

13. Upon information and belief, Defendant FENG CHEN is responsible for overseeing all daily operations of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

14. Upon information and belief, Defendant FENG CHEN has power and authority over all the final personnel decisions of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

15. Defendant FENG CHEN has the exclusive final power to hire the employees of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, including the Plaintiffs.

16. Defendant FENG CHEN has exclusive final power over the firing and terminating of the employees of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, including Plaintiffs.

17. Defendant FENG CHEN is responsible for determining, establishing, and paying the wages of all employees of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant FENG CHEN were Plaintiffs employer within the meaning and the intent of the FLSA, and the NYLL.

19. Upon information and belief, Defendant LI YONG is the co-owner of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

20. Upon information and belief, Defendant LI YONG is responsible for overseeing all daily operations of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

21. Upon information and belief, Defendant LI YONG has power and authority over all the final personnel decisions of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI.

22. Defendant LI YONG has the exclusive final power to hire the employees of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, including the Plaintiffs.

23. Defendant LI YONG has exclusive final power over the firing and terminating of the employees of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, including Plaintiffs.

24. Defendant LI YONG is responsible for determining, establishing, and paying the wages of all employees of HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

25. Accordingly, at all relevant times hereto, Defendant LI YONG were Plaintiffs employer within the meaning and the intent of the FLSA, and the NYLL.

26. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI (i) has purchased goods, tools, and supplies for its business through the streams and channels of

interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## **FACTUAL ALLEGATIONS**
## **ARTURO VELAZQUEZ ROSSETE**

27. Plaintiff ARTURO VELAZQUEZ ROSSETE was employed by HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, as a delivery worker while performing related miscellaneous duties for the Defendants, from in or around June 2020 until in or around March 2022.

28. Plaintiff ARTURO VELAZQUEZ ROSSETE regularly worked six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022.

29. Throughout Plaintiff ARTURO VELAZQUEZ ROSSETE'S employment with the defendants, Plaintiff regularly worked a schedule of shifts beginning at approximately 11:30 a.m. each workday and regularly ended at approximately 12:00 a.m., or later, six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022.

30. Thus, Plaintiff was regularly required to work approximately seventy-five (75) hours to eighty-seven and a half (87.5) hours or more hours per week, from in or around June 2020 until in or around March 2022.

31. Plaintiff ARTURO VELAZQUEZ ROSSETE was paid by Defendants a flat daily rate of approximately $60.00 per day from in or around June 2020 until in or around March 2022.

32. Although Plaintiff regularly approximately seventy-five (75) hours to eighty-seven and a half (87.5) hours or more hours per week, from in or around June 2020 until in or around March 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Further, Defendants failed to pay Plaintiff ARTURO VELAZQUEZ ROSSETE the legally prescribed minimum wage for all his hours worked from in or around June 2020

until in or around March 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

34. Additionally, Plaintiff ARTURO VELAZQUEZ ROSSETE worked in excess of ten (10) or more hours per day approximately six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## CRESCENCIO CALVA CRUZ

35. Plaintiff CRESCENCIO CALVA CRUZ was employed by HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, as a delivery worker while performing related miscellaneous duties for the Defendants, from in or around June 2020 until in or around March 2022.

36. Plaintiff CRESCENCIO CALVA CRUZ regularly worked six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022.

37. Throughout Plaintiff CRESCENCIO CALVA CRUZ'S employment with the defendants, Plaintiff regularly worked a schedule of shifts beginning at approximately 11:30 a.m. each workday and regularly ended at approximately 12:00 a.m., or later, six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022.

38. Thus, Plaintiff was regularly required to work seventy-five (75) hours to eighty-seven and a half (87.5) hours or more hours per week, from in or around June 2020 until in or around March 2022.

39. Plaintiff CRESCENCIO CALVA CRUZ was paid by Defendants a flat daily rate of approximately $60.00 per day from in or around June 2020 until in or around March 2022.

40. Although Plaintiff regularly seventy-five (75) hours to eighty-seven and a half (87.5) hours or more hours per week, from in or around June 2020 until in or around March 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Further, Defendants failed to pay Plaintiff CRESCENCIO CALVA CRUZ the legally prescribed minimum wage for all his hours worked from in or around June 2020 until in or around March 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

42. Additionally, Plaintiff ARTURO VELAZQUEZ ROSSETE worked in excess of ten (10) or more hours per day approximately six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

43. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

44. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

45. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

46. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

47. As a result of these violations of Federal and New York State labor laws, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

48. Plaintiffs brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

49. Collective Class: All persons who are or have been employed by the Defendants as delivery workers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

50. Upon information and belief, Defendants employed 10 to 15 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

51. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

52. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

53. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

54. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

55. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

56. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

57. The claims of Plaintiffs are typical of the claims of the whole putative class.

58. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

59. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

62. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

63. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

70. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

71. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

72. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

73. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiffs and the FLSA Collective Plaintiffs.

74. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

75. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

76. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

77. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

78. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

79. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

80. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiffs' were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

81. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

84. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

87. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

90. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs' unpaid spread of hours compensation;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   April 13, 2022
            Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTURO VELAZQUEZ ROSSETE and CRESCENCIO CALVA CRUZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI, FENG CHEN and LI YONG, as individuals,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**HONG KONG KITCHEN (USA) INC. d/b/a HONG KONG SUSHI**
214 E 198 St., Bronx, NY 10458

**FENG CHEN**
214 E 198 St., Bronx, NY 10458

**LI YONG**
214 E 198 St., Bronx, NY 10458