

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

June 14, 2023

**Via ECF:**
The Honorable Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: ***Rossete, et al v. Hong Kong Kitchen (USA) Inc., et al***
         Civil Docket No.: 22-cv-03049 (SDA)

Dear Judge Aaron:

  Our office represents Plaintiffs Arturo Velazquez Rossete, and Cresencio Calva Cruz ("Plaintiffs") in this FLSA action, and we respectfully submit this motion, jointly with counsel for Hong Kong Kitchen (USA) Inc. d/b/a Hong Kong Sushi ("Hong Kong Sushi"), and Feng Chen, and Li Yong, as individuals (collectively hereinafter, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following the parties' negotiations at the parties' in-person settlement conference held before Your Honor on May 17, 2023.

  The parties respectfully submit this Motion in support of their position that the parties' Settlement Agreement is fair and reasonable, and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the parties' Settlement Agreement.

  **I.** **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

  a. **The Settlement Amount**

  The parties agreed to resolve this matter for the total amount of Eighty-Five Thousand Dollars and Zero Cents ($85,000.00) which is inclusive of all wages, penalties, attorneys' fees, and costs.

  b. **Plaintiffs' Position**

  Plaintiffs brought this action against the Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that

(i) they were not paid proper overtime compensation when they worked in excess of forty (40) hours per week for Defendants; (ii) they were paid at a rate which fell below the applicable federal and state minimum wage requirements; and (iii) they were not paid spread of hour compensation as required by law.

Plaintiffs' claims arise out of their employment by the Defendants at Hong Kong Sushi, located at 214 E 198 St., Bronx, NY, 10458. The Complaint also alleges that the individual Defendants named hereto were Plaintiffs' employers within the meaning and intent of the FLSA.

The Plaintiffs were each employed by the Defendants at Hong Kong Sushi from in or around June 2020 until in or around March 2022.

The two named Plaintiffs each allege that during the relevant statutory period, they regularly worked a schedule of shifts of approximately 12.5 hours worked per work day. Plaintiffs further alleged that they were regularly required to work six (6) or seven (7) days per week, equating to a total of approximately seventy-five (75) hours to eighty-seven and a half (87.5) hours per week during their employment.

Plaintiffs further alleged that despite regularly working schedules in excess of forty (40) hours per week, they were each paid by the Defendants a flat daily rate in the amount of $60.00 per day, for all hours worked. As such, Plaintiffs alleged that the wages Defendants paid to Plaintiffs did not properly compensate Plaintiffs at a rate of time-and-a-half (1.5) their regular rate of pay for Plaintiffs' hours worked in excess of forty (40) hours per week during the relevant statutory period. Plaintiff alleged that Plaintiffs were paid this same flat amount even for their overtime hours regularly worked each week, and this rate of pay did not change nor increase, despite the fact that Plaintiffs regularly worked approximately 35 to 47.5 hours of overtime per week for the Defendants.

In addition to their unpaid overtime wage claims, Plaintiffs also alleged that the Defendants failed to pay Plaintiffs the legally prescribed minimum wage for all their hours worked, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

Furthermore, Plaintiffs also alleged that, despite the fact that Plaintiffs regularly worked shifts in excess of ten (10) or more hours per day, approximately six (6) to seven (7) days per week from in or around June 2020 until in or around March 2022, the Defendants did not pay Plaintiffs an extra (1) hour at the legally prescribed minimum wage for each day Plaintiffs worked ten (10) or more hours, in violation of the spread of hours provisions contained in the NYLL, and regulations governing the hospitality industry, in which Defendants' business squarely falls.

Based on the above allegations, Plaintiffs each alleged $261,931.43 in unpaid wages, or $523,862.86 collectively. This figure, however, assumed that the Plaintiffs would be 100% successful in establishing all of their claims as to the dates of their employment, the hours worked each and every week of the relevant statutory period, and proving that their did not receive any proper overtime, minimum wage and/or spread of hour compensation during this statutory period.

Although Plaintiffs believed that they could recover on all their above claims, Plaintiffs preferred a guaranteed payment through a Court-approved settlement. Plaintiffs understood the risks of continued litigation and recognized the factual disputes as to the dates of their employment,

the number of hours worked each week and the rate of pay that they received, as well as any defenses raised by Defendants that Plaintiffs were not entitled to overtime pay. . The fact that these factual and legal disputes may not have been resolved until a trial at a later date favored the Plaintiffs' decision to settle early in the litigation process. Furthermore, Plaintiffs considered the economic realities of the Defendants' restaurant business and the possibility of obtaining a judgment on which they would not be able to collect at a much later time in the future absent the instant agreement.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $85,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted by the parties as well as the economic realities of the Defendants' business. Moreover, the settlement was only reached following extensive settlement discussion and negotiations among the parties during two Court-annexed mediations and their settlement conference held before Your Honor on May 17, 2023. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiffs, the wages paid to Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement.

### II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

Furthermore, the Settlement Agreement outlined herein does not contain any confidentiality or overbroad non-disparagement provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.     Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

### a. Distribution to Plaintiffs Arturo Velazquez Rossete, and Cresencio Calva Cruz

The parties agreed to a settlement of $85,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, each Plaintiff will each recover **$28,083.67** (collectively, $56,167.34), after requested attorneys' fees ($17,060.00), and reimbursement of costs ($749.00). Plaintiffs will receive an equal share of the settlement proceeds as each Plaintiffs alleged similar or same dates of employment, hours worked, and pay received.

   **b. Plaintiffs' Counsel's Requested Attorneys' Fees and Expenses**

Plaintiff's counsel respectfully requests $749.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00; and
- the costs of service of the Summons and Complaint on Defendants in this matter: $347.00.

Accordingly, Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($749.00), or $28,832.66 in attorneys' fees and costs, as agreed upon in the Plaintiffs' retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees, and expenses, in this matter is $28,832.66.

The settlement funds broken down into their component parts is as follows:

**Settlement Amount:** $85,000.00
**Attorneys' Expenses:** $749.00
**Settlement less Expenses:** $84,251.00 ($85,000.00 - $749.00)
**Requested Attorneys' Fees:** $28,083.66 ($84,251.00 / 3)
**Total payable to Attorneys:** $28,832.66 ($28,083.66 + $$749.00)
**Total payable to Plaintiffs:** $56,167.34 ($85,000.00 - $28,832.66)

Our office and the Plaintiffs have retainer agreements that are reduced to writing and are signed by the Plaintiffs. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

As explained above, this request for attorneys' fees is supported by the work performed by the Plaintiffs' counsel and the recovery secured through their efforts. Plaintiffs' counsel has advocated for their client throughout the negotiation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.  Additionally, in support of our fee request, please find attached hereto, Plaintiffs' Retainer Agreements, as **Exhibit 2**; and Plaintiffs' Billing Records, and Qualifications, as **Exhibit 3**.

**IV.     Closing**

       In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations through both Court-annexed mediation and a Settlement Conference before the Court. Both parties were represented by experienced and competent counsel who specialize in this area of law and the early settlement allows both sides to avoid the anticipated costs and burdens of protracted litigation. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety.

       We thank the Court for its kind consideration on this matter, and we and remain available to provide any additional information.

Respectfully submitted,

*Avraham Y. Scher*
Avraham Y. Scher, Esq.